**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

CIVIL MINUTES -- GENERAL

Case No.  EDCV 12-00007 VAP (OPx)                    Date:  January 24, 2012

Title:    SL CAPITAL ENTERPRISES, LLC -v- BELEMA DEBRA OGULA; LLOYD NSEK AND DOES 1-10
=================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

          Marva Dillard                             None Present
          Courtroom Deputy                          Court Reporter

ATTORNEYS PRESENT FOR                   ATTORNEYS PRESENT FOR
PLAINTIFFS:                             DEFENDANTS:

          None                                      None

PROCEEDINGS:    MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On October 19, 2011, Plaintiff SL Capital Enterprises, LLC ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Belema Debra Ogula and Lloyd Nsek ("Defendants") in the California Superior Court for the County of San Bernardino.  (Not. of Removal.)  On January 3, 2012, Defendant Nsek removed the action on the basis of this Court's diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 38 U.S.C. § 1331.  (See id.)

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v.

EDCV 12-00007 VAP (OPx)
SL CAPITAL ENTERPRISES, LLC v. BELEMA DEBRA OGULA; LLOYD NSEK AND DOES 1-10
MINUTE ORDER of January 24, 2012

Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

  Defendant claims removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 2.)  Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendant states in the Notice that Plaintiff SL Capital Enterprises is a California corporation, and Defendant is a resident of California.  (Id. at 8.)  As diversity jurisdiction requires complete diversity of the parties, Defendant has not shown the Court has jurisdiction based on diversity under 28 U.S.C. § 1332.

  Defendant also alleges the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims arise under federal law.  (See id. at 4-8.)  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendant has not shown the Court has jurisdiction based on federal question under 28 U.S.C. § 1331.

  "If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendants have not met their burden of establishing that this case is properly in federal court.  See In

**EDCV 12-00007 VAP (OPx)**
**SL CAPITAL ENTERPRISES, LLC v. BELEMA DEBRA OGULA; LLOYD NSEK AND DOES 1-10**
**MINUTE ORDER of January 24, 2012**

<u>re Ford Motor Co./Citibank (South Dakota), N.A.</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Accordingly, the Court REMANDS this action to the Superior Court of California, San Bernardino County.

    **IT IS SO ORDERED.**